**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER IWASKOW, on behalf of himself and similarly situated employees,<br><br>    Plaintiff,<br><br>        v.<br><br>JLJJ, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 3:15-CV-01934<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this 27th day of September, 2016, upon consideration of Plaintiff's Unopposed Motion for Approval of Collective Action Settlement (Doc. 23) and all supporting documents thereto, the accompanying Brief in Support (Doc. 24) and Declaration of R. Andrew Santillo (Doc. 24-1), the stipulated Order entered by this Court on December 17, 2015 (Doc. 15), the Collective Action Settlement Agreement (Doc. 23-1), the representations of counsel following a Final Approval Hearing held on September 26, 2016, and all other papers and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The settlement of this collective action is **APPROVED** because it represents a fair and reasonable settlement of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

2. With respect to the $17,116.00 payable to the Plaintiff and Potential Opt-In Members, which represents 155% of settlement participants' unpaid wages, the Court finds that the following eight factors–as described in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975)–weigh in favor of approval:

    a. The complexity, expense and likely duration of the litigation: This factor favors settlement because, although Defendant conceded that it failed to pay the requisite overtime pay, the issue of whether this violation was "willful" is in dispute.

    b.    The reaction of the collective to the settlement: This factor is neutral because FLSA collective actions bind only those individuals who affirmatively opt-in. Additionally, the Court was not presented with any indication that potentially affected parties held negative reactions to the proposed settlement.

    c.    The stage of the proceeding and the amount of discovery completed: This factor favors settlement because the parties engaged in discovery with respect to the amount of wages Defendant wrongfully withheld prior to entering into the settlement agreement. Additionally, through discovery Plaintiff's counsel learned that only one particular convenience store was committing the FLSA violation.

    d.    The risks of establishing liability: This factor favors settlement because the issue of willfulness is in dispute.

    e.    The risks of establishing damages: This factor favors settlement because the issue of willfulness is in dispute and would need to be established by Plaintiff's counsel at trial in order for a court to award Plaintiff liquidated damages.

    f.    The risks of maintaining the collective action through trial: This factor is neutral.

    g.    The range of reasonableness of the settlement fund in light of the best possible recovery: This factor favors settlement because Defendant is paying Plaintiff and Potential Opt-In Members 155% of their unpaid overtime wages. Although Plaintiff and Potential Opt-In Members could have received 200% of their unpaid overtime wages if a court found Defendant to have committed a willful violation, this issue was in dispute. If a court found Defendant to have not committed a willful violation, Plaintiff and Potential Opt-In Members would not receive liquidated damages and would be awarded only their unpaid wages.

  h. The range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation: This factor favors settlement because the issue of willfulness is in dispute and would have to be established by Plaintiff's counsel at trial.

3. The Court also approves the requested service award of $2000.00 to the originating Plaintiff Christopher Iwaskow in recognition for his role in initiating this lawsuit and pursuing the legal claims on behalf of the collective. This service award falls within the range of service awards approved in other wage/overtime collective and class action lawsuits. *See, e.g.*, *Harrison v. Flint Energy Servs. Group, Inc.*, 2016 U.S. Dist. LEXIS 51674, at *2 (M.D. Pa. Apr. 15, 2015) (approving a $5000.00 service award); *Sakalas v. Wilkes-Barre Hosp. Co.*, 2014 U.S. Dist. LEXIS 63823, at *13 (M.D. Pa. May 8, 2014) (approving a $7500.00 service award).

4. The Court also approves the requested payment of $10,384.00 in attorney's fees and expenses. The Court finds the $525.00 in expenses to be reasonable and necessary to the pursuit of this litigation and settlement. Moreover, the requested $9859.00 in attorney's fee recovery–which constitutes approximately 33% of the total $29,500 settlement fund and is less than the fee lodestar submitted by Class Counsel (*see* Doc. 26)–is supported by the seven factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 193 n.1 (3d Cir. 2000): (a) the size of the fund created and the number of persons benefitted; (b) the absence of objections by members of the class; (c) the skill and efficiency of the attorneys involved; (d) the complexity and duration of the litigation; (e) the risk of nonpayment; (f) the amount of time devoted to the case by plaintiffs' counsel; and (g) awards in similar cases.

5. This action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Order.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge